**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BRENDA SALAS,

                                    Plaintiff,

        v.

CHARLES BUCCIGROSSI, ARLENE
HICKSON, FNU JOHNSON and HELEN
CARR, individually, CORRECTIONS
CORPORATION OF AMERICA, and the
NEW MEXICO CORRECTIONS
DEPARTMENT,

                                    Defendants.

NO. 1:10-CV-00742

<u>**DEFENDANT HICKSON'S ANSWER TO PLAINTIFF'S COMPLAINT**</u>

        Defendant Arlene Hickson for her Answer to Plaintiff's Complaint denies each and

every, all and singular, of the allegations contained in Plaintiff's Complaint and each claim

for relief which is not expressly admitted or otherwise pled to.  Defendant admits, denies, and

alleges as follows:

<u>**Jurisdiction and Venue**</u>

        1.        In Answering Paragraph 1 of Plaintiff's Complaint, Defendant

affirmatively alleges that jurisdiction is proper in the United States District Court, for the

District of New Mexico, because Plaintiff has alleged violation of her federal rights pursuant

to 42 U.S.C. § 1983.

        2.        In Answering Paragraph 2 of Plaintiff's Complaint, Defendant

affirmatively alleges that venue is proper in the United States District Court, for the District

of New Mexico, pursuant to 28 U.S.C. § 1391(b)(2).  Defendant Hickson, admits that she is a resident of New Mexico.

**Parties**

3.      Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore denies the same.

4.      In Answering Paragraph 4 of Plaintiff's Complaint, Defendant admits that Plaintiff was a post-conviction inmate incarcerated at New Mexico Women's Correctional Facility (NMWCF), which is located in Grants, New Mexico.

5.      The allegations contained in Paragraph 5 of Plaintiff's Complaint are not directed to this Answering Defendant.  Therefore, no response is required.

6.      The allegations contained in Paragraph 6 of Plaintiff's Complaint are not directed to this Answering Defendant.  Therefore, no response is required.

7.      The allegations contained in Paragraph 7 of Plaintiff's Complaint are not directed to this Answering Defendant.  Therefore, no response is required.

8.      The allegations contained in Paragraph 8 of Plaintiff's Complaint are not directed to this Answering Defendant.  Therefore, no response is required.

9.      In Answering Paragraph 9, Defendants admit only that Warden Hickson has been the Warden at NMWCF since June of 2008.

10.     The allegations contained in Paragraph 10 of Plaintiff's Complaint are not directed to this Answering Defendant.  Therefore, no response is required.

**General Factual Allegations**

11.     Paragraph 11 of Plaintiff's Complaint is not directed to this answering Defendant.  To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein and denies the same.

12.     In answering Paragraph 12 of Plaintiff's Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein and denies the same.

13.     In answering Paragraph 13 of Plaintiff's Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein and denies the same.

14.     In answering Paragraph 14 of Plaintiff's Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein and denies the same.

15.     In answering Paragraph 15 of Plaintiff's Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein and denies the same.

16.     In answering Paragraph 16 of Plaintiff's Complaint, Defendant admits that Plaintiff made an allegation of assault against Defendant Buccigrossi, which resulted in NMWCF contacting the authorities.  The remaining allegations are not directed to this Answering Defendant and therefore no response is required.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     In answering Paragraph 18 of Plaintiff's Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein and denies the same.

19.     In answering Paragraph 19 of Plaintiff's Complaint, Defendant affirmatively alleges that medical care is provided by CMS, who contracts directly with NMCD for the provision of health care, including prescribed medications at NMWCF.

20.     Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

## COUNT I
## SECTION 1983 CLAIM BY ALL PLAINTIFFS AGAINST DEFENDANT BUCCIGROSSI UNDER THE EIGHTH AMENDMENT

21.     Defendant adopts and incorporates her answers to Paragraphs 1 through 20 as if set forth fully herein.

22.     The allegations contained in Paragraph 22 of the Plaintiff's Complaint call for a legal conclusion and are not directed to this Answering Defendant, thus, a response is not required. To the extent a response is required, Defendant denies the same.

23.     The allegations contained in Paragraph 23 of the Plaintiff's Complaint call for a legal conclusion and are not directed to this Answering Defendant, thus, a response is not required. To the extent a response is required, Defendant denies the same.

24.     The allegations contained in Paragraph 24 of the Plaintiff's Complaint call for a legal conclusion and are not directed to this Answering Defendant, thus, a response is not required. To the extent a response is required, Defendant denies the same.

25.     The allegations contained in Paragraph 25 of Plaintiff's Complaint are not directed to this Answering Defendant, thus, a response is not required.  To the extent a response is required, Defendant denies the same.

## COUNT II
## SECTION 1983 CLAIMS BY ALL PLAINTIFFS AGAINST DEFENDANTS HICKSON, CARR, NMCD, AND CCA UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS

26.     Defendant adopts and incorporates her answers to Paragraphs 1 through 25 as if set forth fully herein.

4

27.     The allegations contained Paragraph 27 of the Plaintiff's Complaint call for a legal conclusion and are not directed to this Answering Defendant, thus, a response is not required. To the extent a response is required, Defendant denies the same.

28.     The allegations contained in Paragraph 28 of the Plaintiff's Complaint call for a legal conclusion and thus, a response is not required.  Defendant affirmatively alleges that she has been the Warden of NMWCF from June of 2008 to the present.

29.     The allegations contained in Paragraph 29 of the Plaintiff's Complaint call for a legal conclusion and thus no response is required.

30.     The allegations contained in Paragraph 30 of the Plaintiff's Complaint call for a legal conclusion and thus no response is required. In Answering the remaining allegations, Defendant affirmatively alleges that CCA has a zero tolerance policy for sexual misconduct.

31.     Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     The allegations contained in Paragraph 39 of the Plaintiff's Complaint call for a legal conclusion and thus no response is required.

40.     Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

## COUNT III
## SECTION 1983 RETALIATION CLAIMS BY ALL PLAINTIFFS AGAINST DEFENDANTS HICKSON AND JOHNSON

42.     Defendant adopts and incorporates her answers to Paragraphs 1 through 41 as if set forth fully herein.

43.      The allegations contained in Paragraph 43 of the Plaintiff's Complaint call for a legal conclusion and thus, a response is not required.

44.     Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

## COUNT IV
## NEGLIGENCE CLAIM AGAINST ALL DEFENDANTS

47.     Defendant adopts and incorporates her answers to Paragraphs 1 through 46 as if set forth fully herein.

48.     The allegations contained in Paragraph 48 of the Plaintiff's Complaint call for a legal conclusion and are not directed to this Answering Defendant, thus, a response is not required.

49.     The allegations contained in Paragraph 49 of the Plaintiff's Complaint call for a legal conclusion and are not directed to this Answering Defendant, thus, a response is not required.

50.     Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     The allegations contained in Paragraph 52 of Plaintiff's Complaint call for a legal conclusion and thus, a response is not required.  To the extent that a response is required, Defendant denies the same.

53.     Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     The allegations contained in Paragraph 54 of Plaintiff's Complaint call for a legal conclusion and thus, a response is not required.

55.     Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     The allegations contained in Paragraph 61 Plaintiff's Complaint are not directed to this Answering Defendant and thus, no response is required.

62.     The allegations contained in Paragraph 62 of Plaintiff's Complaint are not directed to this Answering Defendant and thus, no response is required.

63.     The allegations contained in Paragraph 62 of Plaintiff's Complaint call for a legal conclusion and thus, no response is required.  Defendant affirmatively alleges that she is entitled to immunity and immunity has not been waived.

**COUNT VI**
**BREACH OF CONTRACT CLAIM AGAINST DEFENDANTS (SIC) CCA**

64.     Defendant adopts and incorporates her answers to Paragraphs 1 through 63 as if set forth fully herein.

65.     The allegations contained in Paragraph 65 of Plaintiff's Complaint are not directed to this answering Defendants and call for a legal conclusion and thus, a response is not required.

66.     The allegations contained in Paragraph 66 of Plaintiff's Complaint call for a legal conclusion and are not directed to this Answering Defendant, thus, a response is not required.

67.     The allegations contained in Paragraph 68 of Plaintiff's Complaint call for a legal conclusion and are not directed to this Answering Defendant, thus, a response is not required.

68.     The allegations contained in Paragraph 68 of Plaintiff's Complaint call for a legal conclusion and are not directed to this Answering Defendant, thus, a response is not required.

69.     The allegations contained in Paragraph 69 of Plaintiff's Complaint call for a legal conclusion and are not directed to this Answering Defendant, thus, a response is not required.

## JURY TRIAL

70.     Defendant demands a jury trial on all triable issues.

## AFFIRMATIVE DEFENSES

71.     As a separate and alternative affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

72.     As a separate and alternative affirmative defense, Defendant alleges that Plaintiff's Complaint is barred in whole or in part by the doctrines of qualified and/or absolute immunity.

73.     As a separate and alternative affirmative defense, Defendant alleges that if she was negligent, which negligence is specifically denied, then the Plaintiff is also negligent in failing and/or neglecting to use that degree of care which would have been used by an ordinarily reasonable and prudent person under the same or similar circumstances and that such negligence proximately caused or contributed to cause all matters complained of in the Complaint, thereby reducing the amount of Plaintiff's recovery for total damages by an amount proportionate to her degree of fault.

74.     As a separate and alternative affirmative defense, Defendant alleges that the Plaintiff's injuries, if any, were proximately caused by an independent intervening cause for which Defendant is not liable.

75.     As a separate and alternative affirmative defense, Defendant alleges that the Plaintiff suffered no damage, injury or otherwise, as a result of the Defendant's alleged actions and/or inactions.

76.     As a separate affirmative defense, Defendant alleges that the Plaintiff failed to mitigate the damages requested in the Complaint to the extent demonstrated by discovery in this matter.

77.     As a separate and alternative affirmative defense, Defendant alleges that at all times material herein she acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

78.     As a separate and alternative affirmative defense, Defendant states that none of the acts or failures to act of Defendant, as alleged in Plaintiff's Complaint and which are specifically denied, state a cause of action for punitive damages.

79.     As a separate and alternative affirmative defense, Defendant alleges that the acts and damages alleged in Plaintiff's Complaint, which are specifically denied, were the proximate result of acts or omissions to act of third parties not known to or in the employ of Defendant, such as CMS related to Plaintiff's medical care claims; thereby barring recovery herein or reducing Plaintiff's recovery in proportion to the fault assessed against the third parties.

80.     As a separate and alternative affirmative defense, Defendant alleges that Plaintiff's claims are barred in whole or in part by, and are subject to all limitations contained in, the Prison Litigation Reform Act.

81.    As a separate and alternative affirmative defense, Defendant alleges that Plaintiff failed to exhaust her administrative remedies.

82.    As a separate and alternative affirmative defense, Defendant alleges that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Plaintiff, thereby precluding punitive damages.

83.    As a separate and alternative affirmative defense, Defendant alleges that the Plaintiff's injuries, losses and damages were the result of the assumption of risk by Plaintiff.

84.    As a separate and alternative affirmative defense, Defendant alleges that she did not act with deliberate indifference to Plaintiff's rights, thereby extinguishing Plaintiff's constitutional claims.

85.    As a separate and alternative defense, Defendant alleges that Plaintiff has not pled a cognizable retaliation claim.

86.    As a separate and alternative defense, Defendant alleges that Plaintiff is not a third-party beneficiaries to the contract between NMCD and CCA.

87.    As a separate and alternative defense, Defendant alleges that Plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a Constitutional violation, thereby warranting dismissal of this lawsuit.

88.    As a separate and alternative defense, Defendant alleges that Plaintiff is unable to establish a policy, custom or practice of creating a climate of institutional tolerance of sexual misconduct to impose *Monell* liability upon Defendant CCA.

89.    As a separate and alternative defense, Defendant asserts that she is entitled to all immunities provided under the New Mexico Tort Claims Act.

90.     As a separate and alternative affirmative defense, Defendant states that she intends to rely upon other defenses as they may become apparent or available during discovery proceedings or which may be raised by separate motion as permitted by the Rules of Civil Procedure, including but not limited to the defenses set forth in Rule 8(c), F.R.C.P. and Rule 12:   release, res judicata, statute of limitations, insufficiency of process, insufficiency of service of process, assumption of risk, contributory negligence, duress, estoppel, and waiver.

WHEREFORE, Defendant respectfully request that this Court dismiss Plaintiff's Complaint with prejudice as against her and for any further relief as the court deems just and proper.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:    /s/ Aaron C. Viets
       Aaron C. Viets
P.O. Box 1888
Albuquerque, New Mexico  87103-1888
Telephone:   (505) 765-5900
Facsimile:    (505) 768-7395
aviets@rodey.com

       and

JONES, SKELTON & HOCHULI, PLC
Daniel Struck
Christina G. Retts
2901 North Central Avenue, Suite 800
Phoenix, AZ 85012
(602) 263-1733
602-651-7599 (Fax)
cretts@jshfirm.com

Attorneys for Defendant Arlene Hickson

**CERTIFICATE OF SERVICE**

☒     I hereby certify that on August 9, 2010, I electronically transmitted the attached

document to the Clerk's Office using CM/ECF System for filing and transmittal of

a Notice of Electronic Filing to the following CM/ECF registrants:

Mark Fine
Fine Law Firm
220 Ninth Street NW
Albuquerque , NM 87102
505 243 4541
Fax: 505 242 2716
Email: fineoffice@gmail.com